■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY HINTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 31, 1975, convicting him of robbery in

the second degree, on his plea of guilty, and imposing sentence. The appeal brings up for review so much of an order of the same court, dated June 12, 1975, as, after a hearing, denied defendant's motion to suppress a certain statement. Order affirmed insofar as reviewed and judgment affirmed. No opinion. Cohalan, Acting P. J., Rabin and Hawkins, JJ., concur; Damiani, J., dissents and votes to reverse the order insofar as reviewed, grant the motion to suppress the statement, reverse the judgment, and remand the case to the Criminal Term for further proceedings in accordance with the following memorandum, in which Margett, J., concurs: This appeal brings up for review the denial of defendant's motion to suppress a statement given to the police after his arrest and while in custody at the police station. The detective who arrested defendant and brought him to the station house testified that he read the *Miranda* warnings to the defendant from an insert in his memo book. He then testified: "A 'Now, I have advised you of your rights, are you willing to answer questions without an attorney present?' Q Did he make an answer to this question? A Yes, he did. Q Did he do this verbally? A Yes, he did. Q What was the answer to the question? A He answered no. Q What, if anything did you then say to this defendant? A I told the defendant that he was a suspect in numerous robberies, and if he made any admissions now, he would be arrested this one time and only this one time, and be charged with all the robberies that he admitted to." Defendant then confessed that he had participated in several robberies. Criminal Term, in denying the motion in a written decision, stated: "The facts show that defendants were lawfully apprehended and were promptly given their *Miranda* warnings. Neither raised any objection to these warnings." In my judgment, interrogation of the defendant should have ceased immediately upon his refusal to be questioned without an attorney being present. Obviously, the detective continued to attempt to get the defendant to make an admission of guilt by "bargaining" that defendant would be "arrested this one time and only this one time, and be charged with all the robberies he admitted to." There was no discontinuance of the interrogation; nor was the defendant readvised of his rights before he made the admission. The Supreme Court, in *Miranda v Arizona* (384 US 436, 473-474), said: "Once warnings have been given, the subsequent procedure is clear. *If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease.* At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise. Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked" (emphasis supplied). The court in *Miranda* also noted that (p 445): "if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries *until he has consulted with an attorney and thereafter consents to be questioned*" (emphasis supplied). The judgment of conviction should therefore be reversed and the case remitted to the trial court for further proceedings in accordance herewith.